LARISA WILMERT, ESQ.
LAW OFFICES OF RODNEY T. HERRING, APLC
7373 UNIVERSITY AVENUE, SUITE 115
LA MESA, CALIFORNIA 91941
(619) 589-1112
(619) 589-1167 (fax)
CA BAR NUMBER: 249426

Attorneys for: Anthony DeSalvo, Defendant

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARTFORD LIFE AND ANNUITY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>GREGORY SHAUGHNESSY AS EXECUTOR OF THE ESTATE OF SHELLEY TAYLOR OLANDER, ANTHONY R. DESALVO, an individual,<br><br>Defendants. | CASE NO. '08 CV 0133 JM POR<br><br>ANSWER TO COMPLAINT FOR DECLARATORY RELIEF AND INTERPLEADER |

### DEFENDANT ANTHONY DESALVO'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Anthony DeSalvo in his capacity as beneficiary of Shelley Taylor Olander's Annuity Contract denies each and every allegation not specifically admitted herein and answers the Complaint for declaratory relief and interpleader (Complaint) as follows:

With regard to the individually numbered paragraphs of the complaint, Defendant answers as follows:

### JURISDICTION AND VENUE

1. Defendant admits that Plaintiff purports that subject matter jurisdiction is conferred upon this Court by diversity of citizenship, 28 U.S.C. § 1332(c).

2. Defendant admits that Hartford is a company with its principal place of business in the

1

State of Connecticut but lacks knowledge or information sufficient to form a belief as to the truth of the remaining statements in paragraph 2 of the Complaint and therefore denies the same.

3. Defendant admits Gregory Shaughnessy (Shaughnessy) is a resident of the State of California.

4. Defendant admits that Anthony DeSalvo (DeSalvo) is an individual and a citizen and resident of the County of San Diego, State of California.

5. Defendant admits that Hartford purports diversity of citizenship exists between Hartford and defendants but lacks knowledge or information sufficient to form a belief as to the truth of the remaining statements in paragraph 5 of the Complaint and therefore denies the same.

6. Defendant admits that more than $75,000 is in controversy in this case, exclusive of interest and costs but lacks knowledge or information sufficient to form a belief as to the truth of the remaining statements in paragraph 6 of the Complaint and therefore denies the same.

## FACTS RELEVANT TO ALL COUNTS

7. Defendant admits Hartford issued an individual flexible premium variable annuity contract number 310136239 (the Annuity Contract), designating Shelley Taylor Olander as annuitant and contract owner, and De Salvo as primary beneficiary.

8. Defendant admits that Shelley Taylor Olander and Defendant DeSalvo filed for divorce in the State of California and entered into a Marital Settlement Agreement (Agreement) dated December 15, 2004. Defendant further admits that the Agreement does not make specific mention of the Annuity Contract. Defendant admits that the Agreement Section 15, entitled "Waiver of Rights in Other's Estate/Retirement" states as indicated in the Complaint.

9. Defendant admits Shelley Taylor Olander did not change the beneficiary designation for the Annuity Contract and that the beneficiary remained DeSalvo after their divorce.

10. Defendant admits Shelley Taylor Olander died on August 26, 2005.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of paragraph 11 of the Complaint and therefore denies the same.

12. Defendant admits that Hartford contacted him to see if Defendant would waive any claim

to the Annuity Contract benefits. Defendant further admits he informed Hartford he had retained an attorney and would not waive any interest in the Annuity Contract.

## FIRST CAUSE OF ACTION FOR INTERPLEADER

14.     Defendant admits that Plaintiff purports there are potential conflicting claims to the Annuity Contract as a result of the death of Shelley Taylor Olander. Defendant further admits that DeSalvo is the named beneficiary under the annuity contract. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 14 of the Complaint and therefore denies the same.

15.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of paragraph 15 of the Complaint and therefore denies the same.

16.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of paragraph 16 of the Complaint and therefore denies the same.

17.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of paragraph 17 of the Complaint and therefore denies the same.

## SECOND COUNT FOR DECLARATORY JUDGMENT

19.     Defendant denies an actual dispute exists. Defendant admits that DeSalvo is the named beneficiary under the Annuity Contract and has not waived his claim to the proceeds. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 19 of the Complaint and therefore denies the same.

20.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of paragraph 20 of the Complaint and therefore denies the same.

## AFFIRMATIVE DEFENSES

Defendant, pursuant to FRCP 8(c) asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

Further answering the complaint for interpleader, Defendant states that he is the only person or entity entitled to the proceeds of the Annuity Contract, held by the stakeholder Hartford, as these proceeds

are from an Annuity Contract in which Defendant DeSalvo is the sole named beneficiary.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recovery of reasonable attorneys fees and costs because Plaintiff has failed to allege facts sufficient to constitute claims for which that relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

Because the Complaint only alleges conclusions of fact and law, Defendant cannot fully anticipate all affirmative defenses that may be applicable to this action. Accordingly, Defendant reserves the right to assert additional affirmative defenses, to the extent applicable.

## CONCLUSION

WHEREFORE, Defendant respectfully requests that this Court:

1.  determine that Defendant DeSalvo is the rightful beneficiary of the Annuity Contract;
2.  determine that the entire Annuity proceed is due Defendant DeSalvo;
3.  enter judgment against Plaintiff on its claim for reasonable attorneys fees and costs; and
4.  grant Defendant such other and further relief as the Court deems just and proper.

Respectfully submitted on this 24th day of March, 2008.

_____
LARISA WILMERT
Attorney for Anthony DeSalvo

1  LARISA WILMERT, ESQ.
   LAW OFFICES OF RODNEY T. HERRING, APLC
2  7373 UNIVERSITY AVENUE, SUITE 115
   LA MESA, CALIFORNIA 91941
3  (619) 589-1112
   (619) 589-1167 (fax)
4  CA BAR NUMBER: 249426

5  Attorneys for: Anthony DeSalvo, Defendant

6

7

8
                    UNITED STATES DISTRICT COURT
9
                   SOUTHERN DISTRICT OF CALIFORNIA
10

11 | HARTFORD LIFE AND ANNUITY          | CASE NO. '08 CV 0133 JM POR
   | INSURANCE COMPANY,                 |
12 |                                    | PROOF OF SERVICE
   |            Plaintiff,              |
13 | v.                                 |
14 | GREGORY SHAUGHNESSY AS             |
   | EXECUTOR OF THE ESTATE OF          |
15 | SHELLEY TAYLOR OLANDER,            |
   | ANTHONY R. DESALVO, an individual, |
16 |                                    |
   |            Defendants.             |
17

18

19     I declare that:

20     I am and was at the time of service of the papers herein, over the age of eighteen (18) years and

21 am not a party to the action. I am employed in the county of San Diego, California and my business

22 address is 5752 Oberlin Drive, Suite 106, San Diego, California 92121.

23     On March 24, 2008, I caused to be served the following documents:

24     *Answer to Complaint for Declaratory Relief and Interpleader*

25 [X]  **VIA MAIL:** By placing a copy thereof for delivery in a separate envelope addressed to each
        addressee, respectively, as follows:
26     [X]   BY FIRST-CLASS MAIL (Code of Civ. Proc. §§ 1013 and 1013(a))

27     [ ]   BY OVERNIGHT DELIVERY (Code of Civ. Proc. §§ 1013(c) and (d))

28     [ ]   BY CERTIFIED RETURN RECEIPT MAIL (Code of Civ. Proc. §§ 1013 and 1013(a))


                              PROOF OF SERVICE - PAGE 1

| | | |
|---|---|---|
| 1 | Michael Bernacchi, Esq.<br>Burke, Williams & Sorensen, LLP<br>444 South Flower Street, Suite 2400<br>Los Angeles, CA 90071-2953 | Attorney for Hartford Insurance |
| 4 | David Pawlowski, Esq.<br>Albence and Associates APC<br>7777 Fay Avenue, Suite 205<br>La Jolla, CA 92037 | Attorney for Gregory Shaughnessy |
| 7 | Gregory Day, Esq.<br>Law Offices of Gregory S. Day<br>120 Birmingham Drive, Suite 200<br>Cardiff By The Sea, CA 92007 | Attorney for Gregory Shaughnessy |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid, at San Diego, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 24, 2008, at San Diego, California.

DARIN J. WILMERT