```
Gregory S. Day, Esq. (SBN#70602)
LAW OFFICES OF GREGORY S. DAY
120 Birmingham Drive, Suite 200
Cardiff-by-the-Sea, CA 92007
Telephone: (760) 436-2827
Facsimile:  (760) 436-4120

Attorney for Defendant/Cross-Claimant,
Gregory Shaughnessy as Executor of the
Estate of Shelley Taylor Olander
```

FILED
08 MAR 24 PM 2: 46
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:       CP         DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARTFORD LIFE AND ANNUITY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>GREGORY SHAUGHNESSY AS EXECUTOR OF THE ESTATE OF SHELLEY TAYLOR OLANDER; ANTHONY R. DESALVO, an individual,<br><br>Defendants.<br><br>_____<br><br>GREGORY SHAUGHNESSY AS EXECUTOR OF THE ESTATE OF SHELLEY TAYLOR OLANDER,<br><br>Cross-Claimant,<br><br>vs.<br><br>ANTHONY R. DESALVO, an individual,<br><br>Cross-Defendant. | CV No.:  08cv0133-JM(POR)<br>Judge:  Hon. Jeffrey T. Miller<br>Courtroom: 16<br><br><br>**ANSWER OF DEFENDANT GREGORY SHAUGHNESSY AS EXECUTOR OF THE ESTATE OF SHELLEY TAYLOR OLANDER AND CROSS-CLAIM** |

/////

1

Defendant Gregory Shaughnessy, as Executor of the Estate of Shelley Taylor Olander (hereafter Defendant), severs himself from all other defendants herein and answers the complaint as follows:

1. Admits the allegations of paragraph 1.

2. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 2 and on that basis denies the allegations set forth therein.

3. Admits the allegations of paragraph 3.

4. Admits the allegations of paragraph 4.

5. Answering paragraph 5 of the complaint, admits that the defendants are not citizens or residents of the state of Connecticut. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 5 and on that basis denies the remaining allegations.

6. On information and belief, admits the allegations of paragraph 6.

7. Answering paragraph 7, admits that HARTFORD issued its individual flexible premium variable annuity contract number 310136239 designating Shelley Taylor Olander as annuitant and contract owner. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 7 and on that basis denies the remaining allegations, other than to admit that the document attached to the complaint as Exhibit A states that the "Primary Beneficiary" is Anthony R. DeSalvo. Defendant denies that it was the intent of Shelley Taylor Olander or Anthony R. DeSalvo for DeSalvo to be designated as

beneficiary of the annuity contract after the execution of their Marital Settlement Agreement effective as of December 15, 2004.

8. Answering the allegations of paragraph 8, admit that Shelley Taylor Olander and DeSalvo entered into a Marital Settlement Agreement on December 15, 2004 and that the complaint sets forth a portion of said agreement. Deny that the agreement does not specifically mention the annuity contract.

9. Deny the allegations in paragraph 9 and allege that the beneficiary designation was changed by both the terms of the marital settlement agreement and operation of law prior to the death of Shelley Taylor Olander.

10. Admit the allegations in paragraph 10.

11. Admit the allegations in paragraph 11.

12. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 12 and on that basis denies such allegations.

13. By this reference, Defendant refers to and incorporates his answers to paragraphs 1 through 12.

14. Answering paragraph 14, Defendant admits that he contends that the Annuity Contract proceeds should be distributed to the Estate of Shelley Taylor Olander. Defendant denies that DeSalvo is the proper or named beneficiary under the Annuity Contract. Denies that HARTFORD cannot determine which party is entitled to the proceeds of the Annuity Contract.

////
////

15. Admits the allegations in paragraph 15.

16. Denies the allegations in paragraph 16.

17. Admits the allegations in paragraph 17.

18. By this reference, Defendant refers to and incorporates his answers to paragraphs 1 through 17.

19. Answering paragraph 19, Defendant admits that his contention is that the Annuity Contract proceeds should be distributed to the Estate. Defendant denies the remaining allegations in said paragraph.

20. Admits the allegations in paragraph 20.

### FIRST AFFIRMATIVE DEFENSE

21. The alleged claims of DeSalvo were all specifically released.

### SECOND AFFIRMATIVE DEFENSE

22. The alleged claims of DeSalvo were all specifically waived.

### THIRD AFFIRMATIVE DEFENSE

23. The alleged claims of DeSalvo are barred under the doctrine of res judicata and/or collateral estoppel.

### FOURTH AFFIRMATIVE DEFENSE

24. The alleged claims of DeSalvo are barred under the doctrine of accord and satisfaction.

### FIFTH AFFIRMATIVE DEFENSE

25. DeSalvo is estopped to make the alleged claims set forth in the complaint.

### SIXTH AFFIRMATIVE DEFENSE

26. There is a failure of consideration for the alleged claims of DeSalvo.

### SEVENTH AFFIRMATIVE DEFENSE

27. DeSalvo is barred from making the alleged claims due to his own fraudulent conduct in procuring the benefits of the Marital Settlement Agreement by promising that he was waiving and relinquishing all rights to any further share of the Estate of Shelley Taylor Olander.

### EIGHTH AFFIRMATIVE DEFENSE

28. DeSalvo is barred from making the alleged claims by the doctrine of laches.

### NINTH AFFIRMATIVE DEFENSE

29. DeSalvo is barred from making the alleged claims by the fact that he has received full payment of all benefits to which he was entitled under the Marital Settlement Agreement.

## TENTH AFFIRMATIVE DEFENSE

30. Plaintiff HARTFORD has failed to act reasonably to mitigate its costs and attorney fees allegedly incurred in this action.

## CROSS-CLAIM

31. Cross-claimant Gregory Shaughnessy is the duly appointed Executor of the Estate of Shelley Taylor Olander.

32. Cross-claimant is informed and believes and therefore alleges that cross-defendant Anthony R. DeSalvo (hereafter DeSalvo) is the former husband of Shelley Taylor Olander (hereafter Olander).

33. Cross-claimant is informed and believes and therefore alleges that on or about March 7, 1996 Olander purchased an annuity contract (hereafter the annuity contract) from Hartford Life and Annuity Company (hereafter Hartford). A copy of the Annuity Contract is attached as Exhibit A to the complaint herein. The annuity contract was the separate property of Olander as it was purchased prior to her marriage to DeSalvo.

34. Cross-claimant is informed and believes and therefore alleges that subsequent to the purchase of the annuity contract, on January 3, 1998, Olander and DeSalvo were married. Not long thereafter, on March 4, 2004, the parties separated.

35. On or about December 15, 2004, Olander and DeSalvo entered into a Marital Settlement Agreement, a copy of which is attached as Exhibit B to the complaint herein.

36. Among other things, the Marital Settlement Agreement provides that its purposes included effecting a complete and final settlement with reference to:

"…[a]ll of the respective property rights of the parties" (¶2a); and

"….[a]ll present, past and future claims of any kind that either may have against the other, except as provided for [in the agreement] (¶2c).

37. Among other things, the Marital Settlement Agreement provides that Wife's Separate Property includes "..[a]ll property acquired by Wife prior to marriage…" (¶6e).

38. Among other things, the Marital Settlement Agreement provides: "…[e]ach party relinquishes..all right to inherit from the other, and all right to receive in any manner any property of the other on the death of the other…except as a devisee, legatee or beneficiary under any Will or other instrument subsequently executed by either party…" (¶15). The Marital Settlement Agreement also provides: "Each party waives any interest in the other's retirement plans, if any." (¶15)

39. The Martial Settlement Agreement also provides that "[e]ach party shall further execute or deliver any instrument, furnish any information or perform any other act reasonably necessary to carry out the provisions of this Judgment without undue delay or expense. Either party who fails to comply with this paragraph shall reimburse the other party for any expenses, including attorney fees and Court costs, that as a result of this failure becomes reasonably necessary for carrying out this Judgment." (¶17). By service of this cross-claim, cross-claimaint hereby demands that cross-defendant DeSalvo execute all documents reasonably required by Hartford to allow it to pay the entire Annuity Contract proceeds to cross-claimant as executor.

/////
/////
/////
/////

40. The Marital Settlement Agreement provides that should it be necessary for either party to bring an action for the enforcement of any of the provisions of that agreement, the court has jurisdiction to award attorneys fees consistent with the provisions of the California Family Code. (¶22b)

41. Cross-claimant has been required to retain Gregory S. Day to represent his interests in this matter and to obtain the proceeds of the Annuity Contract and has thereby incurred attorney fees in enforcing the Marital Settlement Agreement.

WHEREFORE, Defendant prays:

1. That neither plaintiff Hartford nor defendant DeSalvo take anything by way of the complaint and that the entire Annuity Contract proceeds be awarded to defendant Shaughnessy, as executor of the Estate of Shelley Taylor Olander;

2. That defendant Shaughnessy, as executor of the Estate of Shelley Taylor Olander, be awarded his attorney fees and costs of suit incurred herein.

3. For such other and further relief as the Court may deem proper.

Respectfully submitted:

Dated: 3/24/08

By: /s/ Gregory S. Day
Gregory S. Day,
Attorney for Defendant and Cross-claimant,
Gregory Shaughnessy, Executor of the Estate
of Shelley Taylor Olander

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Hartford Life and Annuity Ins. Co. ) <br> ) <br> vs. ) <br> ) <br> ) <br> Shaughnessy et al. ) <br> ) <br> **Cross-Actions** ) | Case No. 08cv0133-JM-POR <br><br> **DECLARATION OF SERVICE** <br><br> Person Served: <br> Michael B. Bernacchi, Esq. <br><br> Date Served: <br> 03/24/08 |

I, the undersigned declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; that I served the above named person the following documents:
Answer of Defendant Gregory Shaughnessy as Executor of the Estate of Shelley Taylor Olander and Cross-Claim
in the following manner: (check one)

1)      By personally delivering copies to the person served.

2)      By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to ther person served at the place where the copies were left.

3)      By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of his office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left.

4)   X   By placing a copy in a separate envelope, with postage fully prepaid, for each address named below and depositing each in the U.S. Mail at Cardiff, CA
        on    March 24  , 20 08

Michael B. Bernacchi, Esq., BURKE, WILLIAMS & SORENSEN, LLP

444 S. Flower St., Ste. 2400, Los Angeles, CA 90071-2953

Executed on    March 24,    , 20 08    at Cardiff, CA

_Kent M. Hiyane_ (signature)

Kent M. Hiyane

::ODMA\PCDOCS\WORDPERFECT\14560\2 May 5, 1999 (10:01am)

ORIGINAL