LARISA WILMERT, ESQ.
LAW OFFICES OF RODNEY T. HERRING, APLC
7373 UNIVERSITY AVENUE, SUITE 115
LA MESA, CALIFORNIA 91941
(619) 589-1112
(619) 589-1167 (fax)
CA BAR NUMBER: 249426

Attorneys for: Anthony DeSalvo, Defendant

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARTFORD LIFE AND ANNUITY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>GREGORY SHAUGHNESSY AS EXECUTOR OF THE ESTATE OF SHELLEY TAYLOR OLANDER; ANTHONY R. DESALVO, an individual,<br><br>Defendants<br><br>GREGORY SHAUGHNESSY AS EXECUTOR OF THE ESTATE OF SHELLEY TAYLOR OLANDER,<br><br>Cross-claimant,<br><br>v.<br><br>ANTHONY R. DESALVO, an individual,<br><br>Cross-defendant. | CASE NO. 08 CV 0133 JM POR<br><br>ANSWER TO CROSS-CLAIM |

**DEFENDANT, ANTHONY DESALVO'S ANSWER TO DEFENDANT'S CROSS-CLAIM**

Answering Defendant Anthony DeSalvo in his capacity as beneficiary of Shelley Taylor Olander's

1

ANSWER TO CROSS-CLAIM

Annuity Contract denies each and every allegation not specifically admitted herein and answers the Defendant's Cross-Claim, upon information and belief, as follows:

## CROSS-CLAIM

1. Answering Defendant incorporates his Answer, including Affirmative Defenses, to the averments contained in Plaintiff's Complaint as if fully set forth herein.

31. Answering Defendant admits Paragraph 31.

32. Answering Defendant admits Paragraph 32.

33. Answering Defendant admits Paragraph 33.

34. Answering Defendant admits DeSalvo and Shelley Taylor Olander were married on January 3, 1998 and separated on March 4, 2004. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining statements in paragraph 34 of the Cross-Claim and therefore denies the same.

35. Answering Defendant admits Paragraph 35.

36. Answering Defendant admits Paragraph 36.

37. Answering Defendant admits Paragraph 37.

38. Answering Defendant admits Paragraph 38.

39. Answering Defendant admits the Marital Settlement Agreement provides as indicated in Paragrpah 39. Answering Defendant denies that he is required to execute documents required by Hartford to allow it to pay the entire Annuity Contract proceeds to cross-claimant as executor. Answering Defendant is the named beneficiary of the Annuity Contract. Among other things, the Marital Settlement Agreement provides "...[e]ach party relinquishes... all right to receive in any manner any property of the other on the death of the other...except as a devisee, legatee or beneficiary under any Will or other instrument subsequently executed by either party, or *when the other party is named in such capacity or such right is explicitly provided in this Marital Settlement Agreement.*" (¶15 emphasis added)

40. Answering Defendant admits that the Marital Settlement Agreement provides as indicated in Paragraph 40. Answering Defendant denies this case requires enforcement of the provisions of the Marital Settlement Agreement because Answering Defendant is not challenging the terms of the Marital Settlement Agreement. Answering Defendant is the named beneficiary of the Annuity Contract, being

named in such capacity, Answering Defendant has not relinquished any right to receive the proceeds of the Annuity Contract under the Marital Settlement Agreement.

41. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 of the Cross-Claim and therefore denies the same.

## AFFIRMATIVE DEFENSES

Defendant, pursuant to FRCP 8(c) asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

Further answering the Cross-Claim, Answering Defendant states that he is the only person or entity entitled to the proceeds of the Annuity Contract, held by the stakeholder Hartford, as these proceeds are from an Annuity Contract in which Answering Defendant DeSalvo is the sole named beneficiary.

### SECOND AFFIRMATIVE DEFENSE

Cross-Claimant is not entitled to recovery of reasonable attorneys fees and costs because Cross-Claimant has failed to allege facts sufficient to constitute claims for which that relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

Because the Cross-Claim only alleges conclusions of fact and law, Answering Defendant cannot fully anticipate all affirmative defenses that may be applicable to this action. Accordingly, Answering Defendant reserves the right to assert additional affirmative defenses, to the extent applicable.

## CONCLUSION

WHEREFORE, Answering Defendant respectfully requests that this Court:

1. Determine that Answering Defendant DeSalvo is the rightful beneficiary of the Annuity Contract;

2. Determine that the entire Annuity Contract proceed is due Answering Defendant DeSalvo;

3. Enter judgment against Cross-Claimant on its claim for reasonable attorneys fees and costs; and

4.  Grant Answering Defendant such other and further relief as the Court deems just and proper.

Respectfully submitted on this 21st day of May, 2008.

LARISA WILMERT
Attorney for Anthony DeSalvo

ANSWER TO CROSS-CLAIM

1  Larisa Wilmert, CA BAR NUMBER: 249426
   The Law Offices of Rodney T. Herring
2  A Professional Law Corporation
   7373 University Avenue, #115
3  La Mesa, CA 91941
   619-589-1112
4  619-589-1167 fax

5

   Attorneys for Answering Defendant: ANTHONY DESALVO
6

7
                    **UNITED STATES DISTRICT COURT**
8
                    **SOUTHERN DISTRICT OF CALIFORNIA**
9

10

11  HARTFORD LIFE AND ANNUITY          Case No.  08 CV 0133 JM POR
    INSURANCE COMPANY,
12
            Plaintiff,
13  v.                                 **PROOF OF SERVICE**

14  GREGORY SHAUGHNESSY AS
    EXECUTOR OF THE ESTATE OF SHELLEY
15  TAYLOR OLANDER, ANTHONY
    DESALVO, an individual,
16
            Defendants.
17  _____
    GREGORY SHAUGHNESSY AS
18  EXECUTOR OF THE ESTATE OF
    SHELLEY TAYLOR OLANDER,
19
            Cross-claimant,
20
    v.
21
    ANTHONY R. DESALVO, an individual,
22
            Cross-defendant.
23

24      I declare that:

25      I am and was at the time of service of the papers herein, over the age of eighteen (18) years and

26  am not a party to the action. I am employed in the County of San Diego, California and my business

27  address is 5752 Oberlin Drive, Suite 106, San Diego, California 92121.

28  On May 21, 2008, I caused to be served the following documents:

---

PROOF OF SERVICE

ANSWER TO CROSS-CLAIM OF GREGORY SHAUGHNESSY.

[ X ]   **VIA MAIL:** By placing a copy thereof for delivery in a separate envelope addressed to each addressee, respectively, as follows:

    [ X ]   **BY FIRST-CLASS MAIL** (Code of Civ. Proc. §§ 1013 and 1013(a))

    [ ]   **BY OVERNIGHT DELIVERY** (Code Civ. Proc. §§ 1013(c) and (d))

    [ ]   **BY CERTIFIED RETURN RECEIPT MAIL** (Code of Civ. Proc. §§ 1013 and 1013(a))

Michael Bernacchi, Esq.
Burke, Williams & Sorensen, LLP                         Attorney for Hartford Insurance
444 South Flower Street, Suite 2400
Los Angeles, CA 90071-2953

David Pawlowski, Esq
Albence and Associates APC                               Attorney for Gregory Shaughnessy
7777 Fay Avenue, Suite 205
La Jolla, CA 92037

Gregory Day, Esq
Law Offices of Gregory S. Day                            Attorney for Gregory Shaughnessy
120 Birmingham Drive, Suite 200
Cardiff By The Sea, CA 92007

    I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at San Diego, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Executed on May 21, 2008, at San Diego, California.

DARIN J. WILMERT

PROOF OF SERVICE