1  Gregory S. Day, Esq. (SBN#70602)
   LAW OFFICES OF GREGORY S. DAY
2  120 Birmingham Drive, Suite 200
   Cardiff-by-the-Sea, CA 92007
3  Telephone: (760) 436-2827
   Facsimile:  (760) 436-4120
4
   Attorney for Defendant/Cross-Claimant,
5  Gregory Shaughnessy as Executor of the
   Estate of Shelley Taylor Olander
6

7

8                  UNITED STATES DISTRICT COURT

9                 SOUTHERN DISTRICT OF CALIFORNIA

10

11 HARTFORD LIFE AND ANNUITY         ) CV No.:    08cv0133-JM(POR)
   INSURANCE COMPANY,                ) Judge:     Hon. Jeffrey T. Miller
12                                   ) Courtroom: 16
               Plaintiff,            )
13                                   )
       vs.                           )
14                                   ) DECLARATION OF GREGORY S. DAY IN
   GREGORY SHAUGHNESSY AS            ) SUPPORT OF MOTION TO WITHDRAW
15 EXECUTOR OF THE ESTATE OF         ) AS COUNSEL
   SHELLEY TAYLOR OLANDER;           ) [CivLR 83.3(g)(3)]
16 ANTHONY R. DESALVO, an individual,)
                                     )
17             Defendants.           )
                                     )
18 _____) Date of Hearing: August 15, 2008
   GREGORY SHAUGHNESSY AS            ) Time of Hearing: 1:30 P.M.
19 EXECUTOR OF THE ESTATE OF         )
20 SHELLEY TAYLOR OLANDER,           )
                                     )
21             Cross-Claimant,       )
                                     )
22     vs.                           )
                                     )
23                                   )
24 ANTHONY R. DESALVO, an individual,)
                                     )
25             Cross-Defendant.      )
                                     )
26                                   )
27 _____)

28 /////

                                     1
                                     DECLARATION OF GREGORY S. DAY IN
                                     SUPPORT OF MOTION TO WITHDRAW AS
                                     COUNSEL

                                     CV NO.:  08cv0133-JM(POR)

I, Gregory S. Day, declare that:

1. I am attorney licensed to practice law before all state courts in the State of California and am admitted to practice in the United States District Court for the Southern District of California. The following facts are of my own personal knowledge excepts as to those facts stated on information and belief; and as to those facts, I believe them to be true.

2. In or about March of 2008, I was retained by Defendant/Cross-Complainant Gregory Shaughnessy, Executor of the Estate of Shelley Taylor Olander.

3. On or about June 28, 2008 I received a letter from Mr. Shaughnessy terminating my "services effective immediately."

4. Rule 3-700(C)(5) and (6) allow for permissive withdrawal if the "client knowing and freely assents to termination of the employment" of if the "member believes in good faith . . . the tribunal will find the existence of other good cause for withdrawal." A true and correct copy of Rule of Professional Conduct 3-700 printed from the California Bar Website is attached hereto as *Exhibit A*.

5. The Court should find good cause such that I should be allowed to withdraw as Mr. Shaughnessy's counsel in this matter.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on 7/9/08 at Cardiff, California.

Gregory S. Day

2

DECLARATION OF GREGORY S. DAY IN
SUPPORT OF MOTION TO WITHDRAW AS
COUNSEL

CV NO.: 08cv0133-JM(POR)

*EXHIBIT A*

Printed from The State Bar of California website (www.calbar.ca.gov) on Tuesday, July 8, 2008
Location:

## Rules of Professional Conduct

Rule 3-700. Termination of Employment

(A) In General.

    (1) If permission for termination of employment is required by the rules of a tribunal, a member shall not withdraw from employment in a proceeding before that tribunal without its permission.

    (2) A member shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D), and complying with applicable laws and rules.

(B) Mandatory Withdrawal.

A member representing a client before a tribunal shall withdraw from employment with the permission of the tribunal, if required by its rules, and a member representing a client in other matters shall withdraw from employment, if:

    (1) The member knows or should know that the client is bringing an action, conducting a defense, asserting a position in litigation, or taking an appeal, without probable cause and for the purpose of harassing or maliciously injuring any person; or

    (2) The member knows or should know that continued employment will result in violation of these rules or of the State Bar Act; or

    (3) The member's mental or physical condition renders it unreasonably difficult to carry out the employment effectively.

(C) Permissive Withdrawal.

If rule 3-700(B) is not applicable, a member may not request permission to withdraw in matters pending before a tribunal, and may not withdraw in other matters, unless such request or such withdrawal is because:

    (1) The client

        (a) insists upon presenting a claim or defense that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law, or

        (b) seeks to pursue an illegal course of conduct, or

        (c) insists that the member pursue a course of conduct that is illegal or that is prohibited under these rules or the State Bar Act, or

        (d) by other conduct renders it unreasonably difficult for the member to carry out the employment effectively, or

        (e) insists, in a matter not pending before a tribunal, that the member engage in conduct that is contrary to the judgment and advice of the member but not prohibited under these rules or the State Bar Act, or

        (f) breaches an agreement or obligation to the member as to expenses or fees.

    (2) The continued employment is likely to result in a violation of these rules or of the State Bar Act; or

(3) The inability to work with co-counsel indicates that the best interests of the client likely will be served by withdrawal; or

(4) The member's mental or physical condition renders it difficult for the member to carry out the employment effectively; or

(5) The client knowingly and freely assents to termination of the employment; or

(6) The member believes in good faith, in a proceeding pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal.

(D) Papers, Property, and Fees.

A member whose employment has terminated shall:

(1) Subject to any protective order or non-disclosure agreement, promptly release to the client, at the request of the client, all the client papers and property. "Client papers and property" includes correspondence, pleadings, deposition transcripts, exhibits, physical evidence, expert's reports, and other items reasonably necessary to the client's representation, whether the client has paid for them or not; and

(2) Promptly refund any part of a fee paid in advance that has not been earned. This provision is not applicable to a true retainer fee which is paid solely for the purpose of ensuring the availability of the member for the matter.

*Discussion:*

Subparagraph (A)(2) provides that "a member shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the clients." What such steps would include, of course, will vary according to the circumstances. Absent special circumstances, "reasonable steps" do not include providing additional services to the client once the successor counsel has been employed and rule 3-700(D) has been satisfied.

Paragraph (D) makes clear the member's duties in the recurring situation in which new counsel seeks to obtain client files from a member discharged by the client. It codifies existing case law. (See Academy of California Optometrists v. Superior Court (1975) 51 Cal.App.3d 999 [124 Cal.Rptr. 668]; Weiss v. Marcus (1975) 51 Cal.App.3d 590 [124 Cal.Rptr. 297].) Paragraph (D) also requires that the member "promptly" return unearned fees paid in advance. If a client disputes the amount to be returned, the member shall comply with rule 4-100(A)(2).

Paragraph (D) is not intended to prohibit a member from making, at the member's own expense, and retaining copies of papers released to the client, nor to prohibit a claim for the recovery of the member's expense in any subsequent legal proceeding.

© 2008 The State Bar of California